IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM I. TOLSON,     )
    )
    Plaintiff,     )
    )
    v.     )     1:12CV1348
    )
GUILFORD COUNTY JAIL, et al.,     )
    )
    Defendant(s).     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner who claims to be both a federal inmate and a pretrial detainee of

the State of North Carolina, has submitted a document raising several issues. At the end, he

states that he would like to file a civil rights action pursuant to 42 U.S.C. § 1983. This is also

consistent with one of the central issues he raises, which is an allegation that he was beaten

by guards while housed at the Guilford County Jail.[1] Therefore, his submission will be

construed as a Complaint under § 1983. However, the form of the Complaint is such that

---

[1] Plaintiff also requests information on the status of an escape charge related to him absconding from Dismas Charities on July 5, 2012. This is an apparent reference to what is now case 1:12CR444-1 in this Court. That matter has been set for sentencing, and Plaintiff's request for information appears moot. Plaintiff also states that he is being "racially and negligently harassed by Lincoln County Jail officers and inmates." If Plaintiff he wishes to raise a claim against persons in the Lincoln County Jail for events occurring there, he would need to do that in a separate action under § 1983. Also, because Lincoln County is in the Western District of North Carolina,, it appears that venue would be proper in that District, and Petitioner may obtain forms and instructions from the Clerk's Office for filing in that District. See 28 U.S.C. § 1391(b). The address is: Room 210, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202. If Plaintiff chooses to re-file his complaint in this District regarding the events in Lincoln County, he should include a statement addressing the proper venue in that case, for the Court's consideration in determining whether the case should be transferred to the Western District of North Carolina pursuant to 28 U.S.C. § 1406.

serious flaws make it impossible to further process the Complaint. The problems are:

1.             Filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2.             The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. <u>See</u> LR 7.1(e).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

-2-

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 8th day of July, 2013.


/s/ Joi Elizabeth Peake
United States Magistrate Judge
